﻿Citation Nr: AXXXXXXXX
Decision Date: 06/25/19 Archive Date: 06/25/19

DOCKET NO. 190228-5574
DATE: June 25, 2019

REMANDED

Entitlement to service connection for a lumbar spine disability is remanded.

REASONS FOR REMAND

The Veteran had honorable active duty service with the United States Army from May 1950 to October 1952. The Veteran is a Korean Conflict Era Veteran.

This matter is before the Board of Veterans’ Appeals (Board) on appeal from a January 2019 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran elected to participate in the Rapid Appeals Modernization Program (RAMP), selecting a Higher-Level Review and, subsequently, the Direct Docket option. The RO issued a deferred rating in May 2018 and, after development of the record pursuant to supplemental claim policies, issued a rating decision in January 2019. As the Veteran elected to participate in the Direct Docket option, no evidence subsequent to the January 2019 rating decision shall be considered, to include the March 2019 VA opinion, to determine the nature and etiology of his lumbar spine.

 

Entitlement to service connection for a lumbar spine disability is remanded.

The Veteran received a VA examination to determine the nature and etiology of his lumbar spine disability in December 2018.

The December 2018 examination opined that the Veteran’s lumbar spine disability was less likely as not causally related to his service-connected disabilities. The examiner noted that the two conditions are not medically related. The disorders, reasoned the examiner, were entirely separate without medical literature to support a medical nexus. This opinion, however, did not consider whether the Veteran’s service-connected disabilities aggravated his lumbar spine disability. 38 C.F.R. § 3.310. Moreover, this examination did not address direct service connection for the Veteran’s lumbar spine disability, nor did it address the onset thereof for possible presumptive service connection. 38 C.F.R. §§ 3.303, 3.307, 3.309.

The Board acknowledges that the Veteran received a VA examination to determine the nature and etiology of his lumbar spine disability, to include direct service connection, in March 2019. As outlined above, however, this evidence may not be considered by the Board. 

In light of the above, this case should be remanded to obtain a new VA examination to determine all theories of entitlement to service connection, to include direct, presumptive, and secondary due to aggravation. Id.; see Barr v. Nicholson, 21 Vet. App. 303, 311 (2007).

The matter is REMANDED for the following action:

Schedule the Veteran for a VA examination to determine the nature and etiology of his lumbar spine disability. The Veteran’s claims file, including a copy of this remand, must be made available to and reviewed by the examiner. The examination report must reflect that such a review was undertaken.

All indicated tests and studies should be accomplished, and all clinical findings should be reported in detail. 

(a.) Please identify each lumbar spine disability affecting the Veteran during the period on appeal.

(b.) The examiner must provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s lumbar spine disability is causally related to the Veteran’s military service.

(c.) The examiner must provide an opinion as to whether the Veteran’s lumbar spine disability manifested within one year of active duty. In affording this opinion, please consider and specifically address the Veteran’s report of onset and continuity of symptoms.

(d.) The examiner must provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that the Veteran’s lumbar spine disability is caused or aggravated by the Veteran’s service-connected disabilities, to include the treatment therefore, as well as mobility limitations and any body habitus manifestations caused thereby.

In providing this opinion, the examiner should consider and address the Veteran’s lay statements concerning the onset and continuity of his symptomatology. 

The examiner must provide a comprehensive report including complete rationales for all opinions and conclusions reached, citing the objective medical findings leading to the conclusions.

 

ANTHONY C. SCIRÉ, JR.

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD R. E. Trotter, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.